Filed 5/1/25  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336552 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA050596-01) |
| v. | |
| DANIEL LOUIS LOPEZ, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying Daniel Louis Lopez's petition for resentencing under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

In 2002, a jury found Daniel Louis Lopez, Jr. guilty of the first degree murder of Sidney Hall, the robberies of Juanita Torres and Randy Santos, and possession of a firearm by a felon. The jury found true robbery-murder and lying-in-wait special-circumstance allegations. It also found true that Lopez personally discharged a firearm causing Hall's death and that he personally used but did not discharge a firearm in the commission of the robberies. Before trial, Lopez had pleaded guilty to three additional counts of unlawful firearm possession. The trial court sentenced Lopez to a term of life without parole plus 41 years in state prison. We affirmed the convictions. (*People v. Lopez et al.* (May 30, 2003, B158058) [nonpub. opn.].)

Twenty years later in 2022, Lopez filed a petition for resentencing pursuant to section 1172.6. The People conceded he had made a prima facie case of eligibility for relief and the trial court issued an order to show cause.

On December 20, 2023, the trial court held an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). The People's evidence included the reporter's and clerk's transcripts from the jury trial. Neither side offered new or additional evidence.

---

[1]    Undesignated statutory references are to the Penal Code.

2

On January 22, 2024, the trial court denied the resentencing petition, finding the People had proven beyond a reasonable doubt that Lopez was guilty of murder under a still-valid theory of liability.  Lopez timely appealed.

On December 9, 2024, counsel filed a no issue brief pursuant to *People v. Delgadillo*.  Counsel also stated Lopez was advised he could file his own supplemental brief within 30 days.  Counsel sent Lopez transcripts of the record on appeal as well as a copy of the brief.

On December 10, 2024, this court sent Lopez notice that a brief raising no issues had been filed on his behalf.  We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider.  We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On March 10, 2025, Lopez filed a supplemental brief in which he argues 1) the evidence is insufficient to prove he was the shooter; 2) the sentencing enhancements were improperly pled and must be vacated; 3) the trial court improperly instructed the jury; 4) trial counsel provided ineffective assistance of counsel.  After discussing the applicable law, we treat each contention in turn.

A.    **Applicable Law**

Effective 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder.  (*People v. Reyes* (2023) 14 Cal.5th 981, 984.)  It also narrowed the scope of the felony-murder rule.  (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448–449 (*Curiel*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Section 188,

subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (d).  Section 189 requires the prosecution to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who acted with the intent to kill (*id.*, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (e)(3) who acted with reckless indifference to human life.  (See *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868–869; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)

The Legislature provided a procedure, now codified in section 1172.6, whereby defendants may petition the court to vacate their convictions and seek resentencing on any remaining counts if they show they could not now be convicted of murder because of the changes to sections 188 and 189.  (§ 1172.6, subd. (a).) Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 967.)  If a section 1172.6 petition includes the requisite information, the trial court must appoint counsel, upon request, to represent the petitioner.  (*Lewis,* at pp. 962–963.)  If the court finds petitioner has made a prima facie case of eligibility for relief, it must issue an order to show cause and conduct an evidentiary hearing to determine whether to vacate the conviction and resentence petitioner on any remaining counts.  (§ 1172.6, subds. (c), (d)(1).)

4

Pursuant to the order to show cause, unless the parties stipulate the petitioner is entitled to resentencing, an evidentiary hearing is held at which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner remains guilty of murder, attempted murder, or manslaughter under California law despite the statutory changes effectuate by Senate Bill No. 1437. (§ 1172.6, subd. (d)(1)–(3).) At the hearing, "[t]he admission of evidence . . . shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

B. **Lopez's Contentions**

First, Lopez argues the evidence is insufficient to prove beyond a reasonable doubt that he was the shooter. We disagree.

The evidence showed that Lopez and his co-defendant Raymond Rangel arrived at a bachelor party which featured two exotic dancers, each of whom accompanied by their own bodyguard. Murder victim Hall was one of those bodyguards. Lopez and Rangel were kicked out of the party when one of the dancers complained that they were verbally harassing her. The men went to their car, armed themselves, and returned to the

party just as the dancers and their bodyguards decided to pack up and leave.  As the dancer and bodyguards loaded up their car, they heard gunshots in rapid succession.  One of the dancers testified she saw Lopez and Rangel with guns.  That same dancer testified that she saw Lopez, armed with a gun, take off after Hall, who was fleeing, while Rangel held the dancer and her bodyguard at gunpoint.  While Rangel was holding them and demanding their money, the dancer heard one more gunshot.  Lopez then arrived and put his gun to the bodyguard's head.  The dancer begged Lopez not to kill her or her bodyguard.

We review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138; *In re A.G.* (2020) 58 Cal.App.5th 647, 653.)  This evidence, comprised of the testimony of several eyewitnesses, is sufficient to support the conclusion that Lopez was Hall's actual killer.

Next, Lopez contends the sentencing enhancements were improperly pled; the jury instructions on possession of a firearm by a felon were confusing and misleading because there were no ballistics to prove he was the actual killer; and his trial attorney provided ineffective assistance of counsel.  An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed at trial; it is not another opportunity to challenge the original judgment on grounds not related to the changes made to sections 188 and 189.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [mere filing of a section 1172.6 petition does not afford petitioner

6

new opportunity to raise new claims of error occurring at the original trial]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

We properly reject Lopez's contentions alleging error at his original trial.  He has not established that he could not presently be convicted of murder " ' "*because of changes to Section 188 or 189.*" ' " (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 933.)

We decline to exercise our discretion to conduct an independent review of the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying Lopez's resentencing petition is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.                          WILEY, J.

7